**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JOHN HURT and SARAH KERBO,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00734-JCB-KNM** |
| **ROCKET MORTGAGE, LLC,** | § | |
| **Defendant.** | § | |

**ROCKET MORTGAGE, LLC'S MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Respectfully submitted,

*/s/ Gordon W. Green*

**Thomas G. Yoxall**
State Bar No. 00785304
tom.yoxall@troutman.com
**Gordon W. Green**
State Bar No. 24083102
gordon.green@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 – Facsimile

COUNSEL FOR DEFENDANT
ROCKET MORTGAGE, LLC

# TABLE OF CONTENTS


I. FACTUAL BACKGROUND .......... 1

A. The Mortgage Loan .......... 1

B. The Disputed Supplemental Tax Assessments. .......... 3

C. Rocket Mortgage's Escrow Disbursements and Escrow Analysis. .......... 3

D. Plaintiffs' Pre-Suit Correspondence. .......... 3

II. SUMMARY OF THE ARGUMENTS .......... 4

III. ARGUMENTS AND AUTHORITIES .......... 5

A. Plaintiffs Fail To State A Breach-Of-Contract Claim .......... 6

i. Sections 3, 4, 9, and 16 Authorize Rocket Mortgage's Conduct. .......... 6

ii. Plaintiffs Do Not Plausibly Allege Contract Damages. .......... 8

iii. The Contract and Declaratory Claims Are Barred by Section 20's Notice-and-Cure Requirement. .......... 9

B. Plaintiffs' RESPA Claim Fails On Independent Grounds. .......... 10

i. Kerbo Cannot Assert a RESPA Claim Based Solely on the Deed of Trust. .......... 10

ii. The FAC Does Not Plead a RESPA Violation. .......... 10

C. Plaintiffs' Accounting Request Fails With the Underlying Claims. .......... 12

D. Plaintiffs' Ancillary Injunctive Relief Fails as a Matter of Law. .......... 13

E. Plaintiffs' Declaratory Judgment Claim Should Be Dismissed. .......... 13

i. The Declaratory Judgment Claim Is Duplicative of the Breach-of-Contract Claim. .......... 13

ii. The Declaratory Judgment Claim Cannot Survive Without a Viable Underlying Substantive Claim. .......... 14

F. Dismissal With Prejudice Is Warranted. .......... 14

IV. CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979 (11th Cir. 2017) ....12

*Baggiolini v. Ocwen Financial Corporation*, No. 4:19-CV-00156-ALM-CAN, 2019 WL 8331423 (E.D. Tex. Dec. 12, 2019) ....10

*Berkseth-Rojas v. Aspen American Insurance Company*, 513 F. Supp. 3d 724 (N.D. Tex. 2021) ....14

*Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467 (5th Cir. 2016) (per curiam) ....5

*Coleman v. Sweetin*, 745 F.3d 756 (5th Cir. 2014) ....5

*Dennis Mealcon, Inc. v. City of New Orleans*, 703 F.3d 262 (5th Cir. 2012) ....13

*Fed. Sav. & Loan Ins. Corp. v. Sw. Fed. Sav. Ass'n*, 22 F3d 1094 (5th Cir. 1994) ....8

*Gaitan v. Saenz*, No. 21-40042, 2022 WL 1981047 (5th Cir. June 6, 2022) (per curiam) ....6

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002) ....14

*Hall v. Resol. Tr. Corp*, 958 F.2d 75 (5th Cir. 1992) ....8

*Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993 (N.D. Tex. 2013) ....11

*J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223 (Tex. 2003) ....7

*Krakowski v. Shrieve Chem. Prods., LLC*, No. CV H-20-194, 2020 WL 5351321 (S.D. Tex. Aug. 19, 2020) ....12

*Natural Polymer International Corporation v. Hartz Mountain Corporation*, 426 F.Supp.3d 300 (E.D. Tex. 2019) ....6

*Shenandoah Assocs. v. J & K Props., Inc.*, 741 S.W.2d 470 (Tex. App.—Dallas 1987, writ denied) ....9

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746 (5th Cir. 1996) ....13, 14

*Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380 (5th Cir. 2007) ....6, 8

*Smith v. Tex. Cap. Loans, LLC*, No. 4:24-CV-2757, 2025 WL 1914784 (S.D. Tex. May 20, 2025) ....................13, 14

*Steele v. Quantum Servicing Corp.*, No. 3:12-CV-2897-L, 2013 WL 3196544 (N.D. Tex. June 25, 2013) ....................11, 12

*Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337 (5th Cir. 2012) ....................12

*Tolliver v. Bank of New York Mellon*, No. 4:18-CV-000977-O-BP, 2019 WL 3937341 (N.D. Tex. Aug. 5, 2019) ....................10

*Transverse, LLC v. Iowa Wireless Servs., LLC*, 992 F.3d 336 (5TH Cir. 2021) ....................7

*Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. CIV.A. C-09-312, 2011 WL 2160928 (S.D. Tex. May 27, 2011) ....................9

*Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833 (5th Cir. 2014) (per curiam) ....................10

*Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233 (5th Cir. 2014) ....................12

*X Techs., Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406 (5th Cir. 2013) ....................8

**Statutes**

12 U.S.C. § 2605 ....................10

12 U.S.C. § 2605(e) ....................10

12 U.S.C. § 2605(f) ....................10

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................1, 5, 12, 15

Fed. R. Civ. P. 65 ....................13

Fed. R. Civ. P. 8(a)(2) ....................5

**Regulations**

12 C.F.R. § 1024.35 ....................10

12 C.F.R. § 1024.35(g)(1) ....................11

12 C.F.R. § 1024.36 ....................10

12 C.F.R. § 1024.36(f)(1) ....................10

Plaintiffs John Hurt ("Hurt") and Sarah Kerbo ("Kerbo," and together with Hurt, "Plaintiffs"), filed a First Amended Complaint ("FAC") on October 6, 2026 after Rocket Mortgage, LLC ("Rocket Mortgage") moved against the Original Complaint. The FAC supersedes the Original Complaint and asserts three counts: Count I seeks a declaration concerning Sections 3, 4, and 9 of the Deed of Trust; Count II alleges breach of contract; and Count III asserts RESPA and Regulation X claims by Hurt. The FAC now characterizes accounting and injunctive relief as ancillary remedies, and it withdraws pattern-or-practice statutory damages. ECF No. 25 ¶¶ 1–6, 45–71. Plaintiffs amended with the benefit of Rocket Mortgage's motion, but the defects remain: the FAC identifies no contractual duty that Rocket Mortgage breached, does not satisfy the Deed of Trust's notice-and-cure condition, does not plead a RESPA violation or recoverable damages, and seeks ancillary remedies without a viable underlying claim. The Court should dismiss the FAC with prejudice under Rule 12(b)(6).

# I. FACTUAL BACKGROUND

## A. The Mortgage Loan.

On or about October 23, 2020, Plaintiff Hurt obtained a mortgage loan (Loan No. 3462688272) from Rocket Mortgage to purchase real property located at 3837 Wintergreen Drive, Plano, Texas 75074 (the "Property"). Hurt signed the Note, and the loan is secured by the Deed of Trust dated October 23, 2020, attached to the FAC as Exhibit A. The Deed of Trust defines "Borrower" as John Hurt, Leslea Hurt, and Sarah Kerbo. Kerbo is named in and signed the Deed of Trust, but the FAC does not allege that she signed the Note. Section 13 provides that a co-signer who signs the Security Instrument but does not execute the Note is not personally obligated to pay the sums secured by the instrument. ECF No. 25 ¶¶ 7–8; Ex. A.

The Deed of Trust's Section 3 governs "Funds for Escrow Items." It requires Borrower to pay funds for taxes and other items that can attain priority as liens but provides that if "Borrower

fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount, and Borrower shall then be obligated under Section 9 to repay to Lender any such amount." ECF No. 25 ¶ 15; Ex. A.

Section 4, "Charges; Liens," places the obligation on Borrower: "Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument." It further requires Borrower to discharge a priority lien unless Borrower contests it in good faith through legal proceedings that, "in Lender's opinion," operate to prevent enforcement while pending, agrees to an acceptable payment arrangement, or obtains a satisfactory subordination. If Lender determines that a lien can attain priority, Lender may give notice and Borrower has 10 days to satisfy the lien or take one of the listed actions. Ex. A; *see* ECF No. 25 ¶ 16.

Section 9 addresses protection of Lender's interest when Borrower fails to perform or when a legal proceeding might significantly affect Lender's interest, including "enforcement of a lien which may attain priority." It provides that Lender "may do and pay for whatever is reasonable or appropriate" to protect its interest, including "paying any sums secured by a lien which has priority over this Security Instrument." It also states: "Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so," and amounts disbursed become additional debt secured by the instrument. Ex. A; *see* ECF No. 25 ¶ 17.

Section 16 confirms the parties' construction rule: "the word 'may' gives sole discretion without any obligation to take any action." Ex. A. Section 20 separately provides that neither party may commence a judicial action alleging breach until it has notified the other party in compliance with Section 15 and afforded a reasonable period to take corrective action. Ex. A.

**B. THE DISPUTED SUPPLEMENTAL TAX ASSESSMENTS.**

During 2025, the Collin Central Appraisal District removed or clawed back homestead and disabled-veteran exemptions, generating supplemental property-tax assessments for tax years 2022, 2023, and 2024. Plaintiffs challenged those assessments in a Chapter 42 judicial-review proceeding in Collin County District Court, Cause No. 493-04695-2025. A related delinquent-tax collection action was abated on December 30, 2025, as to the 2022–2024 supplemental assessments pending final judgment in the Chapter 42 proceeding. The FAC expressly concedes that the abatement order did not bind Rocket Mortgage or extinguish the lien. ECF No. 25 ¶¶ 19–23; Ex. F.

**C. ROCKET MORTGAGE'S ESCROW DISBURSEMENTS AND ESCROW ANALYSIS.**

Rocket's March 2026 escrow history reflects disbursements of $6,023.54 and $8,008.07. Rocket's June 16, 2026 response allegedly states that it covered penalties and interest attributable to a 2025 servicing error, while penalties and interest associated with the 2022–2024 amounts were billed to Hurt's account. ECF No. 25 ¶¶ 29–31; Ex. C. The May 19, 2026 Annual Escrow Account Disclosure Statement reported a $19,525.50 shortage, spread over twelve months with a $1,627.13 monthly shortage component, and a new monthly payment of $3,880.56 effective July 1, 2026. The FAC does not plead the shortage or payment increase as RESPA damages. ECF No. 25 ¶¶ 32–34, 42, 45, 64; Ex. D.

**D. PLAINTIFFS' PRE-SUIT CORRESPONDENCE.**

On April 29, 2026, Hurt sent Rocket Mortgage a QWR, Notice of Error, and Request for Information concerning tax disbursements, escrow calculations, source information, communications with taxing authorities, and servicing records. Rocket received the correspondence on May 12, 2026, and responded on June 19, 2026. Rocket stated that substantial portions were duplicative and that broad categories of internal materials were confidential and/or

proprietary; it also enclosed a transaction history and prior materials. ECF No. 25 ¶¶ 35–41; Exs. B–C. The FAC alleges only post-June 19 expenses—postage, copying, scanning, document transmission, and a portion of paid legal-research/database expenses—and expressly disclaims the preexisting shortage and payment increase as RESPA damages. ECF No. 25 ¶¶ 42–45, 63–65.

## II. SUMMARY OF THE ARGUMENTS

The Court should dismiss the FAC with prejudice for the following reasons:

First, Count II fails because Sections 3, 9, and 16 expressly make the challenged payment discretionary, Section 9 disclaims any duty to act, and Section 4 imposes obligations on Borrower rather than Rocket Mortgage. The FAC concedes that Section 4 is not a categorical prohibition on paying a disputed tax and that the abatement order did not bind Rocket Mortgage. Plaintiffs' attempt to read Sections 3, 4, and 9 together cannot create a duty that no provision contains. Their reasonableness theory is an implied good-faith duty that Texas does not recognize in an ordinary lender-borrower contract. The FAC also fails to plead a plausible contract-damages theory.

Second, the contract and declaratory claims are independently barred because Section 20 prohibits a judicial action alleging breach until the claimant gives notice compliant with Section 15 and affords a reasonable period to cure. The FAC expressly disclaims strict compliance with Sections 15 and 20. ECF No. 25 ¶ 71. The April 29 letter was a RESPA QWR/Notice of Error/Request for Information, not a contractual notice of breach under Sections 15 and 20.

Third, Count III fails as to Kerbo because the FAC does not allege that she signed the Note, and Section 13 provides that a non-note co-signer is not personally obligated on the secured sums. As to Hurt, Rocket responded and investigated, and the FAC does not plausibly plead a violation in light of the duplicative, confidential, irrelevant, and burdensome-request exceptions in Regulation X. The claimed postage, copying, scanning, and legal-research costs are litigation-

preparation expenses, are pleaded without amounts, and are not plausibly caused by Rocket's response.

Fourth, accounting and injunctive relief are ancillary remedies that fail with the underlying claims and, independently, do not satisfy the requirements for equitable relief. The alleged unemployment, credit effects, cure notice, and foreclosure risk are economic injuries that can be addressed through damages or account correction, while Rocket Mortgage retains its lien. Count I is also duplicative of Count II and asks the Court to decide whether Rocket Mortgage's conduct was authorized "under the facts proven," which is backward-looking and adds no independent controversy. Finally, Plaintiffs already amended as of right after reviewing Rocket Mortgage's motion; the remaining defects are legal, so further amendment would be futile.

## III. ARGUMENTS AND AUTHORITIES

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Fifth Circuit has summarized the pleading standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (internal quotation marks and citations omitted). Rule 12(b)(6) authorizes a party to move for dismissal of claims lacking facial plausibility. *See* FED. R. CIV. P. 12(b)(6). Courts provide *pro se* plaintiffs a "more lenient standard than lawyers when analyzing complaints, but *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). Thus, a *pro se* litigant must still comply with the "relevant

rules of procedural and substantive law." *Gaitan v. Saenz*, No. 21-40042, 2022 WL 1981047, at *2 (5th Cir. June 6, 2022) (per curiam).

### A. PLAINTIFFS FAIL TO STATE A BREACH-OF-CONTRACT CLAIM.

To state a breach-of-contract claim under Texas law, a plaintiff must allege facts plausibly establishing four elements: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) that the defendant breached the contract, and (4) damages sustained as a result of the breach. *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Count II fails on the breach and damages elements, and the FAC's own conditions-precedent allegations provide an independent bar.

#### i. Sections 3, 4, 9, and 16 Authorize Rocket Mortgage's Conduct.

The FAC alleges that Rocket Mortgage breached the Deed of Trust by treating the disputed supplemental assessments as conclusively payable, treating discretionary authority as effectively mandatory, failing to make a reasonable or appropriate Section 9 determination, and charging the March 2026 disbursements and related 2022–2024 penalties or interest through the escrow account. ECF No. 25 ¶¶ 52–55. Those allegations do not identify a contractual duty that Rocket Mortgage violated. Section 3 says that if Borrower fails to pay "the amount due for an Escrow Item," Lender "may exercise its rights under Section 9 and pay such amount," after which Borrower must repay the amount. Ex. A.

Section 3 must be read with Section 16, which provides that "the word 'may' gives sole discretion without any obligation to take any action." Ex. A. Thus, exercising an expressly discretionary right cannot itself be a breach, and treating that right as "effectively mandatory" does not identify any breached promise. *See Natural Polymer International Corporation v. Hartz Mountain Corporation*, 426 F.Supp.3d 300, 309 (E.D. Tex. 2019) (breach did not occur when contract allowed for termination at the party's "sole convenience at any time"). Plaintiffs' Section

3 theory would convert "may" into "shall," contrary to the Deed of Trust's express rule of construction. The FAC's allegation that Section 3 uses permissive language confirms the point. ECF No. 25 ¶¶ 2, 15, 52–53.

Section 9 independently authorizes the challenged conduct. Its phrase "reasonable or appropriate" describes the scope of the Lender's permission to protect its interest; it does not create a freestanding duty owed to Borrower. The same section expressly disclaims any duty or obligation to act and specifically lists "paying any sums secured by a lien which has priority over this Security Instrument" as an authorized action. Property taxes are among the Escrow Items that can attain priority as a lien. Ex. A*; see* ECF No. 25 ¶¶ 15, 17–18. The March 2026 disbursements therefore fall within an expressly enumerated contractual permission, even if Plaintiffs disagree with Rocket Mortgage's judgment.

Section 4 does not change that result. It imposes obligations on Borrower to pay taxes and discharge priority liens; it does not impose a duty on Rocket Mortgage to defer payment whenever Borrower disputes a tax. The contest exception is expressly conditioned on proceedings that, "in Lender's opinion," operate to prevent enforcement, and the FAC concedes both that Section 4 does not categorically forbid payment of a disputed tax and that the abatement order did not bind Rocket Mortgage. ECF No. 25 ¶¶ 2, 18, 23, 54; Ex. F.

Nor can Plaintiffs' "read together" argument create a duty absent from the instrument. Texas law requires a contract to be construed as a whole, but that interpretive principle harmonizes existing provisions; it does not add an obligation that Sections 3, 4, and 9 do not contain. *Transverse, LLC v. Iowa Wireless Servs., LLC*, 992 F.3d 336 (5TH Cir. 2021) (Texas courts "consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless"); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d

223, 229 (Tex. 2003). The FAC's reliance on that case therefore does not cure the absence of a breached contractual promise.

Plaintiffs' "reasonableness" theory is also an implied duty of good faith. Texas does not impose such a duty on ordinary lender-borrower contracts merely because one party exercises a contractual right. *Hall v. Resol. Tr. Corp*, 958 F.2d 75 (5th Cir. 1992) ("an agreement made by the parties and embodied in the contract itself cannot be varied by an implicit covenant of good faith and fair dealing"); *Fed. Sav. & Loan Ins. Corp. v. Sw. Fed. Sav. Ass'n*, 22 F3d 1094 (5th Cir. 1994) (the duty of good faith and fair dealing does not apply to a borrower-lender relationship as it is "not such a special relationship"). The Deed of Trust's express language governs, and Plaintiffs cannot recast a disagreement with Rocket Mortgage's discretionary decision as a breach of an implied covenant.

Plaintiffs cite no case construing these uniform Fannie Mae/Freddie Mac provisions to impose a duty to defer paying taxes listed as delinquent while a borrower pursues a tax challenge, and Rocket Mortgage is aware of none. At most, the FAC alleges a disagreement with Rocket Mortgage's contractual judgment; it does not allege a plausible violation of the Deed of Trust.

**ii. Plaintiffs Do Not Plausibly Allege Contract Damages.**

Even if Plaintiffs could identify a breached provision, they have not plausibly alleged compensable damages flowing from a breach. The element of damages is essential, and a plaintiff must allege that the defendant's breach caused the plaintiff to incur damages flowing from the alleged wrongful conduct. *Smith Int'l., Inc.*, 490 F.3d at 387. Failure to plead a causal connection between the breach and the damages "will preclude recovery." *X Techs., Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 412 (5th Cir. 2013).

The FAC seeks damages for the March 2026 disbursements, 2022–2024 penalties or interest, payments, and other net economic loss only to the extent proven unauthorized. ECF No.

25 ¶¶ 55–56. But the penalties and interest flow from the delinquency of the taxes themselves, not from any breach by Rocket Mortgage. And under Section 9, amounts disbursed to protect the lien become additional debt secured by the Deed of Trust. Ex. A. The FAC also makes any ultimate loss dependent on the result of the pending Chapter 42 proceeding: it disclaims recovery for taxes ultimately adjudged valid. ECF No. 25 ¶ 56. Those contingent damages are speculative, not a present loss plausibly caused by breach.

To the extent Plaintiffs attempt to recover postage, copying, and document-preparation expenses as contract damages, those costs are not recoverable under Texas law absent statutory authorization, an express contractual provision, or equitable principles. *Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. CIV.A. C-09-312, 2011 WL 2160928, at *7 (S.D. Tex. May 27, 2011); *Shenandoah Assocs. v. J & K Props., Inc.*, 741 S.W.2d 470, 486 (Tex. App.—Dallas 1987, writ denied). Accordingly, Plaintiffs fail to allege any damages tied to the alleged breach.

**iii. The Contract and Declaratory Claims Are Barred by Section 20's Notice-and-Cure Requirement.**

Section 20 provides that neither Borrower nor Lender may commence a judicial action alleging breach until the allegedly injured party has provided notice compliant with Section 15 and afforded a reasonable period to take corrective action. Ex. A. The FAC's conditions-precedent allegations expressly state that Plaintiffs do not allege strict compliance with Sections 15 and 20 solely because the April 29 correspondence was labeled a QWR. ECF No. 25 ¶¶ 70–71. That admission defeats the contract claim and the declaratory claim to the extent it arises from alleged breach or seeks to enforce a contractual remedy without satisfying the agreed pre-suit condition.

The April 29 letter does not satisfy Section 20 merely because it included a RESPA Notice of Error. It was directed to statutory servicing procedures and requested an investigation and information; it did not provide contractual notice under Section 15 of an alleged breach followed

by a reasonable contractual cure period. ECF No. 25 ¶¶ 35–40; Ex. B. Plaintiffs filed suit on June 29, 2026, ten days after Rocket's June 19 response, without alleging the required Section 15 notice and cure process. Therefore, Plaintiffs' contractual and declaratory claims in this case are barred.

### B. Plaintiffs' RESPA Claim Fails On Independent Grounds.

#### i. Kerbo Cannot Assert a RESPA Claim Based Solely on the Deed of Trust.

RESPA's error-resolution and information-request provisions under 12 U.S.C. § 2605 and Regulation X, 12 C.F.R. §§ 1024.35 and 1024.36, protect borrowers and impose duties in response to a borrower's qualifying request. The FAC asserts Count III by Hurt "to the extent RESPA or Regulation X provides borrower-only rights," but it does not allege that Kerbo signed the Note. ECF No. 25 ¶¶ 8, 57–58. Although the Deed of Trust names Kerbo as a Borrower and she signed that instrument, Section 13 provides that a co-signer who does not execute the Note "is not personally obligated to pay the sums secured by this Security Instrument." Ex. A. Kerbo therefore cannot independently assert a borrower-only RESPA claim based solely on her status under the Deed of Trust. *Baggiolini v. Ocwen Financial Corporation*, No. 4:19-CV-00156-ALM-CAN, 2019 WL 8331423, at *4 (E.D. Tex. Dec. 12, 2019) (citing *Tolliver v. Bank of New York Mellon*, No. 4:18-CV-000977-O-BP, 2019 WL 3937341, at *15 (N.D. Tex. Aug. 5, 2019). To the extent Kerbo purports to assert Count III, it should be dismissed.

#### ii. The FAC Does Not Plead a RESPA Violation.

"To recover, a [plaintiff] must show that actual damages resulted from a RESPA violation." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) (per curiam) (citing 12 U.S.C. § 2605(e), (f)). Before reaching damages, however, the FAC must plausibly allege a statutory or regulatory violation. The FAC alleges that Rocket's June 19, 2026 response treated portions of the request as duplicative and characterized broad internal materials as confidential and/or proprietary. ECF No. 25 ¶¶ 39–41; Ex. C. But 12 C.F.R. § 1024.36(f)(1)

specifically provides exceptions to a servicer's response obligation for requests that are duplicative, seek confidential or proprietary information, are irrelevant, or are overbroad or unduly burdensome. Similarly, 12 C.F.R. § 1024.35(g)(1) also addresses duplicative notices of error. Rocket responded, investigated, and enclosed transaction history and prior materials. ECF No. 25 ¶¶ 38–40. The FAC therefore does not plausibly plead that Rocket violated RESPA or Regulation X merely by invoking those exceptions.

The FAC now disclaims the $19,525.50 escrow shortage and the May 19, 2026 payment increase as RESPA damages standing alone. ECF No. 25 ¶¶ 42, 45, 64. That narrowing does not cure the merits defect. Rocket's response stated that the requests were duplicative, supplied transaction history and prior materials, and explained the basis for its investigation. ECF No. 25 ¶¶ 39–40; Ex. C. The FAC's disagreement with that response is not itself a RESPA violation.

The FAC's alleged damages are postage, copying, scanning, document-transmission expenses, and a portion of paid legal-research/database subscriptions incurred after June 19, 2026. ECF No. 25 ¶¶ 43–44, 63. Such expenses are not plausibly damages caused by Rocket's response where they were incurred to gather tax and court records, research authorities, and prepare follow-up communications and litigation. The lawsuit was filed ten days after Rocket's response, further confirming the litigation-preparation character of the claimed costs. *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1018–19 (N.D. Tex. 2013); *Steele v. Quantum Servicing Corp.*, No. 3:12-CV-2897-L, 2013 WL 3196544, at *7–8 (N.D. Tex. June 25, 2013) (because the costs would have been incurred regardless of whether the servicer responded, claims based on those costs were not actionable).

The same analysis applies to the alleged research/database subscriptions. The FAC does not identify the amounts paid, the portion attributable to this dispute, or how those resources were

necessary because of a RESPA violation rather than because Hurt elected to investigate the tax dispute and prepare this lawsuit. ECF No. 25 ¶¶ 43–44, 63–64. Pleading a recoverable fraction in conclusory terms, without amounts or a causal basis, does not satisfy Rule 12(b)(6).

Costs incurred before a RESPA violation cannot be recovered as damages caused by that violation. *Steele*, 2013 WL 3196544, at *8; *see also Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979, 983 (11th Cir. 2017). The FAC's postage, copying, scanning, and document-transmission expenses are tied to gathering and sending tax, court, and collection records, not to a failure occurring after Rocket responded. ECF No. 25 ¶¶ 43–44, 63. The same defect applies to the portion of legal-research subscriptions claimed for investigating and preparing responses. Count III should therefore be dismissed.

### C. Plaintiffs' Accounting Request Fails With the Underlying Claims.

The FAC seeks an accounting and corrected escrow analysis only as ancillary equitable relief. ECF No. 25 ¶ 67. To obtain an accounting under Texas law, a plaintiff must plausibly allege that the matter is so complex that a court of equity must unravel it, ordinary discovery cannot provide adequate relief, and the remedy is available at the current stage. *Krakowski v. Shrieve Chem. Prods., LLC*, No. CV H-20-194, 2020 WL 5351321, at *6 (S.D. Tex. Aug. 19, 2020). An accounting is also dependent on a viable underlying cause of action. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012).

Plaintiffs satisfy none of these prerequisites. There is no viable contract or RESPA claim to support an accounting, and the FAC does not allege that Rocket's escrow records are so complex that ordinary discovery is inadequate. Rocket provided transaction history, escrow analyses, and prior resolution materials. ECF No. 25 ¶¶ 39–40; Ex. C. Plaintiffs' request for an accounting cannot convert a failed merits claim into an independent remedy.

### D. Plaintiffs' Ancillary Injunctive Relief Fails as a Matter of Law.

The FAC requests temporary, preliminary, and permanent injunctive relief only as a remedy ancillary to surviving substantive claims and subject to Rule 65. ECF No. 25 ¶ 66. A request for injunctive relief is remedial in nature and dependent on viable causes of action. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746 n.3 (5th Cir. 1996); *Smith v. Tex. Cap. Loans, LLC*, No. 4:24-CV-2757, 2025 WL 1914784, at *8 (S.D. Tex. May 20, 2025). Because the FAC fails to state viable contract or RESPA claims, the ancillary request necessarily fails.

The FAC also does not plausibly plead irreparable harm. Plaintiffs point to unemployment, the increased monthly payment, credit effects, and a cure notice or foreclosure risk. ECF No. 25 ¶¶ 6, 66, 69; ECF No. 30 at 2. Those are economic and compensable injuries, not irreparable harm. The alleged cure notice likewise seeks money, and Rocket Mortgage retains its lien. *Dennis Mealcon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (injury is irreparable only "if it cannot be undone through monetary remedies"). Plaintiffs' reply does not transform economic consequences into irreparable injury merely by describing them as a threat to the home. ECF No. 30 at 2–3.

### E. Plaintiffs' Declaratory Judgment Claim Should Be Dismissed.

#### i. The Declaratory Judgment Claim Is Duplicative of the Breach-of-Contract Claim.

Count I seeks a declaration concerning Rocket Mortgage's rights and obligations under the Deed of Trust, while Count II alleges that Rocket Mortgage breached those same provisions. Both claims turn on Sections 3, 4, and 9 and ask whether Rocket Mortgage's treatment of the 2022–2024 supplemental assessments and resulting shortage was authorized. ECF No. 25 ¶¶ 46–56. The FAC's request to decide whether the conduct was authorized "under the facts proven" is backward-

looking: it asks the Court to resolve the same past conduct and contractual interpretation presented by Count II.

A declaratory judgment claim that is duplicative of a breach-of-contract claim and resolves no distinct issue should be dismissed. *See Berkseth-Rojas v. Aspen American Insurance Company*, 513 F. Supp. 3d 724, 733 (N.D. Tex. 2021); *Sid Richardson*, 99 F.3d at 746 n.3; *Smith*, 2025 WL 1914784, at *8. Count I adds no independent controversy and should be dismissed as redundant.

**ii. The Declaratory Judgment Claim Cannot Survive Without a Viable Underlying Substantive Claim.**

Even if Count I were not duplicative, it must be dismissed because it depends on the viability of Plaintiffs' underlying substantive claims. A declaratory judgment is a remedy, not an independent cause of action. *See Sid Richardson*, 99 F.3d at 746 n.3. Because the FAC fails to state a viable contract or RESPA claim, there is no underlying claim to support declaratory relief. *See Smith*, 2025 WL 1914784, at *8.

**F. DISMISSAL WITH PREJUDICE IS WARRANTED.**

Further leave to amend is unwarranted. Plaintiffs already amended as of right after reviewing Rocket Mortgage's motion, and the remaining defects are legal: the Deed of Trust contains no duty to defer payment, Section 20's condition is not pleaded as satisfied, the RESPA exceptions and causation rules defeat Count III, and the requested remedies are ancillary. Plaintiffs themselves recognize that futility is a basis to deny leave. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); ECF No. 27 at 5–6. The Court should dismiss the FAC with prejudice.

## IV. CONCLUSION

The FAC fails to state a claim upon which relief can be granted. Count II fails because Sections 3, 4, 9, and 16 authorize Rocket Mortgage's conduct and Plaintiffs identify no breached

contractual duty or plausible contract damages. The contract and declaratory claims are independently barred by Section 20's notice-and-cure requirement. Count III fails as to Kerbo and, as to Hurt, because the FAC does not plead a RESPA violation or cognizable actual damages; the FAC has withdrawn pattern-or-practice statutory damages. Accounting and injunctive relief are ancillary remedies that fail with the underlying claims, and Count I is duplicative and dependent on a viable substantive claim. Plaintiffs already amended after reviewing Rocket Mortgage's motion, and further amendment would be futile. Rocket Mortgage respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Gordon W. Green*
**Thomas G. Yoxall**
State Bar No. 00785304
tom.yoxall@troutman.com
**Gordon W. Green**
State Bar No. 24083102
gordon.green@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 – Facsimile

COUNSEL FOR DEFENDANT
ROCKET MORTGAGE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF electronic filing system, email, and U.S. mail on:

John Hurt, Pro Se
3868 Wintergreen Drive
Plano, Texas 75074
mustang4021@gmail.com

Sarah Kerbo, Pro Se
3837 Wintergreen Drive
Plano, Texas 75074
mustang4021@gmail.com

*/s/ Gordon W. Green*
Gordon W. Green